# EXHIBIT B

Declaration of Wiliam Gittere

EXHIBIT B

AARON D. FORD
Attorney General
SAMUEL L. PEZONE, JR. (Bar No. 15978)
Deputy Attorney General
State of Nevada
Office of the Attorney General
1 State of Nevada Way, Suite 100
Las Vegas, Nevada 89119
(702) 486-4070 (phone)
(702) 486-3768 (fax)
Email: spezone@ag.nv.gov

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

VICTOR MONTELONGO,

Plaintiff,

v.

JAMES WEILAND, *et al.*,

Defendants.

Case No. 3:23-cv-00624-CSD

**DECLARATION OF WILLIAM GITTERE**

I, William Gittere, hereby declare based on personal knowledge and/or information and belief, that the following assertions are true.

1. On August 2, 2024, I retired from my employment with the Nevada Department of Corrections (NDOC). From November of 2021 through December of 2022, I served as Deputy Director of Operations and, briefly, Acting Direct of the NDOC. At all other times pertinent and up until the date of my retirement, I served as the Warden of Ely State Prison (ESP).

2. I am a named defendant in the matter of *Montelongo v. Weiland, et al.*, now proceeding in the United States District Court, District of Nevada, as Case Number 3:23-cv-00624-CSD. I make this declaration in support of Defendants' Motion for Summary Judgment.

3. I was aware of and received the first level appeals of Offense in Custody No's. 513822 & 513820 dated December 20, 2022, and January 9, 2023, which were submitted in

Grievance No's. 2006-31-47024 and 2006-31-47957 by offender Victor Montelongo. These documents are found in Ex's. S and T.

4. In addition to appealing the disciplinary conviction in Offense in Custody No. 513822, Montelongo's first level submission in Grievance No. 2006-31-47024 contained an allegation that ESP medical had denied him "adequate treatment" for an alleged injury to his hand. Ex. S at NDOC000044-NDOC000045. The submission sought relief in the form of "expedited" medical treatment for his hand. *Id.*

5. However, as Warden of ESP, I did not participate in providing inmate medical care, nor did I supervise or direct institutional medical and nursing staff in their scheduling or provision of care. I am not and have never been a licensed medical professional, and I am not qualified to supervise medical professionals in the provision of medical care. Instead, to the best of my knowledge, supervision of institutional medical care was the responsibility of the supervising institutional Directors of Nursing Services, the Chief of Nursing Services, and the NDOC Medical Director.

6. Montelongo's request for medical care would have been more properly addressed in a separate grievance addressed to institutional medical staff and the medical director. *See* Ex. U at 740.08(2)(B), 740.09(1)(B), 740.10(1)(E). As Warden, I generally deferred to the institutional Grievance Coordinator regarding the screening of grievances for procedural defects; since the Grievance Coordinator had not identified a defect in the first level submission for Grievance No. 2006-31-47024, I did not think that the inclusion of Montelongo's request for medical care created any procedural defect. In retrospect, Montelongo's grievance should have been rejected as procedurally improper because it contained more than one appropriate issue, i.e., his request for medical care as well as his disciplinary appeal. *See* Ex. U at 740.04(2)(E).

7. I lacked authority to grant Montelongo's grievance on the merits as to his request for expedited medical care. All I could really do was deny Montelongo's request for expedited medical care and advise him to make a written request directly to medical staff—

which I did in my response to the first level submission in Grievance No. 2006-31-47024. Ex. S at NDOC000042.

8. To the best of my recollection, I had no other personal knowledge of and no involvement in Montelongo's medical care.

FURTHER I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

EXECUTED this 9th day of January, 2026.

/s/ William Gittere
William Gittere