# EXHIBIT C

Declaration of Curtis Rigney

EXHIBIT C

AARON D. FORD
Attorney General
SAMUEL L. PEZONE, JR. (Bar No. 15978)
Deputy Attorney General
State of Nevada
Office of the Attorney General
1 State of Nevada Way, Suite 100
Las Vegas, Nevada 89119
(702) 486-4070 (phone)
(702) 486-3768 (fax)
Email: spezone@ag.nv.gov

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

VICTOR MONTELONGO,

Plaintiff,

v.

JAMES WEILAND, *et al.*,

Defendants.

Case No. 3:23-cv-00624-CSD

**DECLARATION OF CURTIS RIGNEY**

I, Curtis Rigney, hereby declare based on personal knowledge and/or information and belief, that the following assertions are true.

1. I am employed as an acting Associate Warden at Ely State Prison ("ESP") a correctional facility within the statewide prison system operated by the Nevada Department of Corrections ("NDOC"), having my place of employment in Ely, Nevada. Prior to that assignment, and during all of the incidents alleged in this lawsuit, I served as Correctional Lieutenant at ESP.

2. I am a named defendant in the matter of *Montelongo v. Weiland, et al.*, now proceeding in the United States District Court, District of Nevada, as Case Number 3:23-cv-00624-CSD. I make this declaration in support of Defendants' Motion for Summary Judgment.

3. Part of my duties as a Correctional Lieutenant included chairing offender disciplinary hearings on any Major (MJ) disciplinary charges, such as the "MJ3 Battery" offenses charged in Offense In Custody (OIC) No's. 513820 & 513822. I chaired each of

these disciplinary hearings, which were audio recorded via a digital recorder and uploaded to the Nevada Offender Tracking Information System (NOTIS). True and correct copies of these audio recordings are attached as Ex's. Q & R.

4. To the best of my recollection, Montelongo did not inform me or any member of the disciplinary committee that "that he wasn't receiving treatment for his broken hand." Montelongo did not discuss treatment of any alleged injuries at all at that time. To the best of my recollection, Montelongo did not discuss his medical treatment with me at any other time.

5. As a Correctional Lieutenant, I did not participate in providing inmate medical care, nor did I supervise or direct institutional medical and nursing staff in their scheduling or provision of care. I am not and have never been a licensed medical professional, and I am not qualified to supervise medical professionals in the provision of medical care. Instead, to the best of my knowledge, supervision of institutional medical care was the responsibility of the supervising institutional Directors of Nursing Services, the Chief of Nursing Services, and the NDOC Medical Director.

6. Had Montelongo complained to us regarding his medical treatment as alleged, I would have lacked authority to act on his complaint. Instead, I would likely have advised Montelongo to submit a written request addressed to medical, either a medical kite or an emergency grievance for emergent issues, and, if necessary, an administrative grievance. *See* Ex. U at 740.08(2)(B), 740.09(1)(B), 740.10(1)(E).

7. Accordingly, and to the best of my recollection, I had no personal knowledge of or involvement in Montelongo's medical care.

FURTHER I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

EXECUTED this 9th day of January, 2026.

/s/ Curtis Rigney
Curtis Rigney