# EXHIBIT D

Declaration of Christopher Coulston

EXHIBIT D

AARON D. FORD
Attorney General
SAMUEL L. PEZONE, JR. (Bar No. 15978)
Deputy Attorney General
State of Nevada
Office of the Attorney General
1 State of Nevada Way, Suite 100
Las Vegas, Nevada 89119
(702) 486-4070 (phone)
(702) 486-3768 (fax)
Email: spezone@ag.nv.gov

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| VICTOR MONTELONGO,<br><br>Plaintiff,<br><br>v.<br><br>JAMES WEILAND, *et al.*,<br><br>Defendants. | Case No. 3:23-cv-00624-CSD<br><br>**DECLARATION OF CHRISTOPHER COULSTON** |

I, Christopher Coulston, hereby declare based on personal knowledge and/or information and belief, that the following assertions are true.

1. I am employed by the Nevada Department of Corrections ("NDOC") as a Correctional Officer at Ely State Prison (ESP). I am a Defendant in the matter of *Montelongo v. Weiland, et al.*, now proceeding in the United States District Court, District of Nevada, as Case Number 3:23-cv-00624-CSD. I make this declaration in support of Defendants' Motion for Summary Judgment.

2. On October 28, 2022, at around 7:50 PM, my partner Edward Elmore and I were tasked with escorting red tag inmates from the upper tier of Unit 7 to take their showers in the unit's lower tier. On or before 7:52, we arrived at Cell 32 and placed offender Victor Montelongo and his cellmate in wrist restraints through the cell door's food slot. Ex. J-2 – U7A Short Side Tier Surveillance Video at 07:52:40-07:53:00. Elmore signaled to have the cell door opened so the inmates could be placed in leg restraints; however, when the door opened, both inmates walked out of their cell before leg restraints could be applied.

Ex. J-2 at 07:53:00-07:53:10. We gave several commands for the offenders to stop, but Montelongo continued walking across the upper tier, in the opposite direction of the lower tier showers, and stopped at Cell 41 to talk to the inmates therein. Ex. J-4 – U7A Center Tier Surveillance Video at 07:53:10-07:53:30.

3. I followed after Montelongo, giving repeated orders to stop. Ex's. J-2 & J-4 at 07:53:10-07:53:30. I approached Montelongo and twice ordered him to resume compliance with the escort, but Montelongo ignored these orders. Ex. J-3 – U7A Long Side Tier Surveillance Video at 07:53:30-07:53:40. I placed my hand on Montelongo, to which Montelongo responded by attempting to pull away. Ex's. J-3 & J-4 at 07:53:40-07:53:50. I then announced that we would return Montelongo and his cellmate to their cell without a shower.

4. Upon hearing this, Montelongo began attempting to wrest himself away from me. Ex's. J-3 & J-4 at 07:53:50-07:53:55. Due to Montelongo's size and weight and Elmore's preoccupation with Montelongo's cellmate, I lacked the means to place Montelongo prone to fully restrain him. Montelongo began shoving his right shoulder at me as if to knock the officer down, to which I responded by placing Montelongo with his back up against the adjacent wall. Ex's. J-3 & J-4 at 07:53:55-07:54:05. I used my free hand to place a request for assistance over the institutional radio.

5. Montelongo squirmed against the wall, while I attempted unsuccessfully to place Montelongo in a chicken wing escort position. Ex's. J-3 & J-4 at 07:54:05-07:54:35. Montelongo struggled out of my grip and then proceeded to wrestle with me again. Ex's. J-3 & J-4 at 07:54:35-07:54:40. I was again able to place Montelongo up against the wall adjacent to Cell 43 and awaited relief. Ex's. J-3 & J-4 at 07:54:40-07:55:00. Responding CERT officers arrived to the unit at around 7:56; CERT officers gave verbal orders for the inmates to lay on the ground, but neither inmate complied. Ex's. J-1 – U7A Sally Port Surveillance Video, J-3 & J-4 at 07:56:00-07:56:25. Responding officers then physically laid Montelongo prone on the ground, segmented him, and applied leg restraints. Ex's. J-3 & J-4 at 07:56:25-07:57:30.

6. We explained what happened to responding supervisors before we were relieved. Our injuries were then assessed by nursing staff. Nursing staff and supervising staff directed us to go to the hospital for further assessment. I sustained an injury to my arm, while Elmore received a 1 cm laceration to his head. Neither of us were involved in later events that evening.

I declare under penalty of perjury pursuant to 28 U.S.C. section 1746 that the foregoing is true and correct.

EXECUTED this 9th day of January, 2026.

/s/ *Christopher Coulston*
Christopher Coulston