Victor Montelongo # 1020756
P.O. Box 650
Indian Springs, Nevada 89070
Plaintiff - Pro Se

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Victor Montelongo, Plaintiff, vs. James Weiland et al., Defendants. | Case No. 3:23-cv-00624 CSD-NMD |

## OPPOSTION TO DEFENDANTS MOTION FOR SUMMARY JUDGMENT

COMES NOW, Victor Montelongo, the Plaintiff, Pro Se moves the court to entertain the above-mentioned Opposition and deny the Defendant's relief sought.

This motion is made and based upon the disputed facts, declaration etc. herein

DATE: 1-23-26

RESPECTFULLY SUBMITTED,

[signature]
Victor Montelongo - Plaintiff

Victor Montelongo # 1020756
P.O. Box 650
Indian Springs, Nevada 89070
Plaintiff - In Pro Se

STATE OF NEVADA )
CLARK COUNTY ) ss

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Victor Montelongo
Plaintiff,

vs.

James Wieland et al.
Defendant

Case No.: 3:23-cv-00624 CSD MMD
Dept. No.: ____________

DECLARATION IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS MOTION FOR SUMMARY JUDGMENT

1).

COMES NOW, Victor Montelongo, Plaintiff, Pro Se without counsel moves the court to entertain the above-mentioned Opposition And Deny the Relief sought by the Defendants.

This Opposition is made and based upon the facts are disputed warranting a jury trial pursuant to Rule 56 of the Fed.R.Civ.P.

I undisputed facts

Here, the Plaintiffs sues multiple Defendants for an event took place while Plaintiff was being housed at the Ely State Prison, in the year late 2012, when Plaintiff was escorted out of his unit by the correctional emergency Response team (CERT) for an alleged assault on prison staff;

II.

That, Administrative Regulation 405 et seq. required of the Defendant's to have videoed record the escort of the Plaintiff On the 28th day of October, 2022, whom had not to cover-up methods of malicious and sadistic beating of the Plaintiff while being

escorted, in retaliation, for an alleged assault on a prison staff; Defendant Sgt. Weiland;

III.

From the retaliatory-assault received by the Plaintiff, was so severe, the Defendant's did not make available the medical reports, that were available during the initial phase of discovery; see Rule 26 of Fed. R. Civ. P. (scalp wound not stop bleeding)

That, after the Defendant's taking the Plaintiff to the property room, rather than medicial department, Plaintiff was slammed to the ground and severely beaten by Defendant's Weiland and co-workers, through use of excessive force, in a known camera blind spot at the Ely State Prison - see A.R 405 story.

IV

That, Defendant Weiland charged the Plaintiff with the institutional infraction, Battery on Staff, to cover-up, through Weilands Notice of Charges, by way of excessive force, while in the care, custody and control of prison officials, the Plaintiff had to be taken to an outside emergency hospital, were medical staff of the hospital discovered the Plaintiff suffered numerous injuries which included a compounded fracture to the Plaintiff's face, near the eye and a broken hand, being subjected to unnecessary wanton infliction;

V

That, it is believed Defendants Lt. Rigney is/are liable As well ... where during the disciplinary hearing, held On the 5th day of January, 2023, found the Plaintiff guilty, without camera footage not establishing, the Plaintiff allegedly spit on Defendant Weiland;

That, there was no direct or some evidence provided during the Plaintiff's Disciplinary Hearing, droplets of blood hit Defendant Weiland's glasses for the finding of guilt;

That, during the Plaintiff's efforts to exhaust administrative remedy and appeal Defendant Lt. Rigney disciplinary hearing fact findings, the Plaintiff reported to Defendants Warden Gittere and Deputy Director Doe as well as, Defendant Lt. Rigney, his subordinates escorted the Plaintiff to a blind spot of the prison, slammed on his face, pinning the Plaintiff down and began to punch and kick him, with his face towards the concrete floor, while (a) subordinate of Defendant Sgt. Weiland stomped on the back of the Plaintiff's, while Defendant Weiland failed to act and or give Order to the subordinate to stop stomping the Plaintiff and or sought medical attention for the Plaintiff;

That, additionally upon the Plaintiff reporting to Lt. Rigney, Warden Gittere and the Deputy Director, he needed appropriate treatment for the broken hand suffered during the 10-28-22 beating;

That, neither Lt. Rigney, Warden Gittere and or the Deputy Director acted upon providing the Plaintiff the much needed medical treatment to the Plaintiff's hand, after the Plaintiff was initially hospitalized from the beating cause by Defendant Weiland and subordinates;

That, because of the broken hand the Plaintiff suffered, the day excessive force was used, his Right hand suffers from nerve damage, due to not being able to feel very much of any thing, after the breaking of the hand;

2) DISPUTED FACTS

2).

## DISPUTED FACTS SETFORTH BY THE DEFENDANTS

## VI.

That, the Plaintiff believes he has proved a serious or significant injury to establish force, and may still recover [if] the force used was unreasonable and excessive. Felix V. McCarthy, 939 F.2d 699 (9th Cir. 1991).

Surely, slamming the Plaintiff on his face, kicking and punching while in restraints in his head and the breaking of the Plaintiff's hand, is, far beyond the de-minimis standard setforth in Hudson V. McMillian, 112 S.Ct 995 (1992) see also A.R. 405 etseq.

Besides, the Defendant's was required to film abstracting the Plaintiff from his cell and filmed by the Defendant's until the Plaintiff reached the care, custody and control of medical staffing, yet, in the appearance of spoliation, the Defendant's did not provide the medical bills, the physical damages the Plaintiff suffers presently, due to the Defendant's failure to follow-up on the physical damages, the day excessive force used while in restraints; supra A.R. 405 etseq (AR 405(03)(1); pgs. 5 of 18 and 6 of 18 of A.R. 405)

That, the Prison Litigation Reform Act allows this Plaintiff to recover compensatory damages upon establishing the Plaintiff he suffered physical injury. see Title 42 § 1997e(e), and will be shown during a trial, where, the Plaintiff will supoena the medical staff, medicial record (injuries suffered) and the results of the medical examinations;

That, the Plaintiff by no means, lose his ability to pursue an excessive force claim merely because he had the good

fortune to escape brain damage , and or death, see Wilkins v. Gaddy, 130 S Ct. 1175, the kicking to the back of Plaintiff's head.

The infliction of minor injuries such as bruises and abrasions will be found unconstitutional only if there was no need to use force at all, (due to being in restraints and the available man power); it was prohibit of the Defendant's to act out maliciously and sadistically during the beating of the Plaintiff;

Also, the Defendants can not legally plead the granting of their summary judgment pleading, in their attempt to minimize injury to the Plaintiff, where, there are sworn allegations and or other evidences of more serious evidence. see Sweeney v. Branson, 108 F.3d 1296, 1304 (10th Cir. 1997) (claim of falsification of medical records after a use of force) also see Exhibit H

Further, it is not explained, prior to the Plaintiff being to be transferred to William Bee Ririe Hospital, the Plaintiff was not seen by a medical provider at the Ely State Prison Infirmary, who made out a referral to have the Plaintiff hospitalized, because the Defendant's "evil motives" were not explain how unreasonable and excessive Defendant's spontaneous use of force got out of hand, during the escort of the Plaintiff ; see Exhibit A (Inmate Disciplinary History Report)

Here, focusing briefly on Defendant Sgt. Wiland's Admissions : In the Investigation Detail Report For: AG Office gave comment, he supervised the escort of the Plaintiff, however, Response To Request For Admission No. 1: Deny . . . I did not escort him. see Exhibit B Comment: Sgt. Wiland and Exhibit C Admissions pg. 5 of 9 L. 17 thru 21

Admission No. 3: Admit the Plaintiff was taken to property first before being escorted to medical during the OIC # 513820 incident.

Response To No. 3: Deny.

Sgt. Daniel Jacob comment disputes Defendant Wieland denial of not escorting the Plaintiff to the property room first. see Exhibit D (Sgt. Daniel Jacobs Comment)

Admission No. 5: Admit that operational procedure requires officers to film/Record with a camcorder all incidents that involved staff and inmates engaged in any amount of force

Response To No. 5: Deny. The statement is not correct.

The Defendant's Response disputes Administrative Regulation 405 et seq..

Moreover, Defendant Sgt Weiland attempts to avoid liability when asked to admit force was used during the OIC # 513820 by officers and then was employed again once Plaintiff was taken to property, upon denying Admission No 7, where on 11-10-22 Defendant Wieland acknowledges C/O Elmore Reports ... resulted in a spontaneous use of force ... see Exhibit E (Summary Of Hearing Officer's Inquiry And Disposition)

That, nowhere in the Investigation Detail Report does it indicate, Defendant Sgt. Wieland Ordered Defendant's Brown, Brandon & Guzman to stop the beating, punching and the kicking of the Plaintiff during escort.

Besides, it was shown that C/O Elmore was attempting to "Force" (Any violence, compulsion, or constraint physically exerted by any means upon or against a person) the Plaintiff to the ground, by way of "Physical Force" (The

use of hands, other parts of the body ... other physical methods for the purpose of overcoming the resistance to lawful authority.

Would it not be equally fair, that once the Plaintiff observed Officer Elmore began physically man handling him, in an attempt to slam the Plaintiff to the concrete floor, absence the Plaintiff existed as an 'actual' penological concern and resisting the antics of Defendant Elmore while in handcuffs, entitled the Plaintiff to the same equal safeguards, to avoid the malicious and sadistic treatment, the Plaintiff had been subjected too prior to the arrival of Defendant's Sgt. Weiland, SC/O Brown, Jose Guzman Jr. and Jeffery Brandon (those Defendant's transferring the Plaintiff to the property room, without following administrative regulation 405 pgs. 5 of 18 thru 6 of 18, prior to Defendant Sgt. Weiland supervising the escort, concealing the malicious and sadistic engineered beating the Plaintiff endured from Unit 7 to the property room of the Ely State Prison. see Exhibit B (Investigation Detail Report For: AG Office) also Exhibit D(1) on the back page of Exhibit D

That, Defendant Lt. Rigney can not avoid liabilities, were harsh sanctions upon the Plaintiff, after, White Pine Courts declared a lacking of probable cause to prosecute, for not wanting to be slammed on his face while in handcuffs by Defendant Elmore, the beating from unit 7 to the property room and lacking of "some evidence" the blood of the Plaintiff was presented as an direct evidence during the disciplanary (sic) proceeding, an evidence that should have been preserved by Defendant Sgt. Weiland;

Here, is what deprives the Defendant's of being able to avoid liabilities, where each Defendant's knew or should have known, prior to transferring to the property room, a staff member was supposed to be assigned to recording of transfering the Plaintiff to a situation, that constituted a serious threat to the Plaintiffs safety and welfare while in handcuff, yet, none of Defendants adhered to the provisions setforth in A.R. 405 pgs. 5 of 18 nor 6 of 18, to maintain the cover-up, what actually happened and occurred to the Plaintiff, after being transferred out of unit 7 to the property room, that, required of the Plaintiff to be taken to outside hospital. see Exhibit F (Investigation pgs. 7 thru 9 thru 9 thru 9);

Also, what cannot be overlooked by the fact-finder, is a doctor Benson (first name) (medical practitioner) issued the Plaintiff a prosthetic (univ wrist/forearm supp-right) for 14 fourteen days, due the Defendant's breaking the Plaintiff's right hand, during the transfering of the Plaintiff from the unit 7 to the property room on 10-28-22; see Exhibit G (Medical Orders/Lay-In)

Further, the Plaintiff's 10-28-22 hospitalization, established he was NOT under the influence of drugs and or alcohol, NOR did Defendant Sgt. Weit and preserve the "some evidence" (sunglasses/DNA), that, could have been determined by hospital staffing, rather, the Defendant's in their commonly practices of exploiting the Plaintiff and the poverty stricken prisoners of physical abuse, especially, when it's shown and or established the Plaintiff chose not to be slammed on his face while in restraints

Rendering, the beating, the Plaintiff was subjected too, from the Plaintiff's assigned housing unit to the property room, is/are surely [a] disputed fact, that, does not legally entitled to Summary Judgment. see Rule 56(c) of the F.R.Civ.P. also Exhibit H

3). <u>LEGAL AUTHORITY</u>

Convicted prisoner's are protected from misuse of force by the Cruel and Unusual Punishments Clause of the Eighth Amendment and the 'judicial inquiry is ... whether force was applied in good-faith to maintain or restore discipline. see <u>Hudson v. McMillan</u>, 503 U.S. 1, 6, 7 (1992).

By no means, can it rightfully be declared the excessive force the Plaintiff was subjected to was not malicious and sadistic, when the Plaintiff chose not to be slammed to the ground on his face, while in handcuffs, in which, Defendant <u>C/O Elmore</u> evil motive was to punish the Plaintiff for his personal effort to avoid physical harm, while observing fella prisoner being assaulted by unit officer.

The malicious and sadistic standard applies to the actions of prison staffing who use direct force. <u>Hudson</u>, 503 U.S. at 7-8

The deliberate indifference standard applies to staff members who standards of stand-

ing by and did not intervene" in an illegal beating, can not escape liability, especially, where Administrative Regulation 405.12 required verbal notification of the Use of Force was to be made via the chain of command to the Warden. "The Warden will notify the Deputy Director of Operation." see A.R. 405.11(3)(D).

Defendants pleadings not once submitted any complaint and indications of an "unnecessary use of force," within ten (10) days from the Use of Force. see A.R. 405.12 (7)(A) thru (D) also see Nev. Rev. Stats. 209.131, 161; 212.090 and 190.

Plaintiff need not prove a serious or significant injury to establish excessive force.

In the Eighth Amendment, the degree of injury is relevant to the... inquiry but does not end it and nothing in the Fourth Amendment concept of an "unreasonable" seizure requires physical injury; it simply requires unreasonableness. see Lester V. City of Chicago, 830 F.2d 706, 712-13 (7th Cir. 1987) also see Smith v. Dooley, 591 F. Supp 1157, 1168-69.

Surely, Exhibit H herein fulfills the set-forth standard required by the Prison Litigation Reform Act, permitting compensation for damages suffered from physical injury. see Title 42 §1997 e) (e).

Furthermore, the Defendants' affirmative defense "the Plaintiff suffered only de-minus (sic) injuries, serves as

[a] fallcy upon the court and [a] genuine issue of material facts' in dispute, where the Plaintiff provides direct evidence, the Plaintiff suffered medical lay in, due to injury of the right hand, requiring splint for (14) fourteen days, additional to: hematoma left orbital Head hematoma size: 0.79' in, abrasion of the skin, Left inferior orbital wall fracture with normal extraocular months . . . due to the Plaintiff being subjected to [a] physical assault by the Defendant's. see Exhibits G's and H in support of the Plaintiff's Opposition herein.

Clearly, when prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated. see Watts V County of Sacramento, 65 F.Supp.2d 1111, 1119-20 (E.D. Cal. 1999) see also Wilkins V. Gaddy, supra, 130 S.Ct. 1175, 1178-79 (2010) United States Supreme Court held;

"An inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape death . . ."

Thus, the Plaintiff herein believes his Opposition, Declaration, Authenticated Direct Evidence, disputing the Defendant's affirmative defense(s) (Exhaustion Of Administrative Remedies) etc. deprives the Defendant's Summary Judgment, where actual genuine issues of material facts are presently before this court, entitling the Plaintiff a trial by jury, for [a] determination of the liabilities EACH Defendant their failure to act and conspiracy's to brutely

beat the Plaintiff, due to Defendant C/O Elmore's agenda to slam the Plaintiff on his face while in restraints, without the Plaintiff being a penological concern, as the criminal court of White Pine County dismissed criminal charges filed by the Defendants, to imploy additional punishment to cover-up for clear excessive force far beyond spontanous force and must be determined by a jury. see Rule 56(c) of the Fed. R. Civ. P. also see Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (Plaintiff having submitted evidence(s) supporting each element of his sworn allegations and direct evidences to avoid Defendant(s) from receiving Summary Judgment).

4) CONCLUSION

WHEREFORE, It is prayed, the Plaintiff's evidences has shown [a] genuine issues of material facts in dispute, warranting the Defendants' Motion(s) for Summary Judgments be denied as a matter of law.

RESPECTFULLY SUBMITTED,

DATE: 1-23-26

[signature]

VICTOR MONTELONGO - Plaintiff - DECLARANT. see Title 28 § 1746.

# CERTIFICATE OF SERVICE BY MAILING

I, Victor Montelongo, hereby certify, pursuant to NRCP 5(b), that on this 23 day of JANUARY, 2026, I mailed a true and correct copy of the foregoing, "Opposition To Defendants Motion For Summary Judgment/Exhibits" by depositing it in the High Desert State Prison, Legal Library, First-Class Postage, fully prepaid, addressed as follows: <cmecfhelpdesk@nvd.uscourts.gov>

CC:FILE

**DATED:** this 23 day of JANUARY 2026.

Print Name: Victor Montelongo
VICTOR Montelongo #1050756
E-File Signature /In Propria Personam
Post Office box 650 [HDSP]
Indian Springs, Nevada 89018
IN FORMA PAUPERIS:

Case No. 3:23-cv-00624 (MMD)
CSD

# AUTHENTICATION OF EXHIBITS

## In Support Of Opposition To Summary Judgment

EXHIBITS — PAGES

A Inmate Disciplinary History Report . . . . 1 thru 2

B Investigation Detail Report Supervising The Escort . . . . . . . . . . . . . . 3 thru 4

C Defendant Sgt. James Weiland Admissions. 5 thru 10

D CERT Sgt. Daniels Jacobs Comment . . . 11 thru 13

D(1) Defendant Jeffery Brandon Reporting . . 13 on the back of page 12 . . . . . . . . . . . . . .

E Defendant Sgt. James Weiland As Hearing Officer of Notice of Charges 10-29-22 N.O.C. . . . . . . . 14 thru 17

F Investigation . . . . . . . . . . . . 18 thru 21

G Medical Orders / Log Ins . . . . . . . . 22 thru 23

H Hospital Treatment . . . . . . . . 24 thru 34

I, Victor Montalongo, the Declarant, first duly sworn under Rule 901(11) of the Fed. R. Of Evidence, that the above mentioned exhibits are true and correct and can testify to each upon being called upon to do so.

DATE: 1-23-26

[signature]

Victor Montalongo - Declarant
sworn under penalty of perjury
see Title 28 §1746

Med. bill
hospital injuries

1-23-26

# EXHIBIT A

Inmate Disciplinary History Report

1pg.

EXHIBIT A

# State of Nevada
# Department of Corrections

## Inmate Disciplinary History Report

**NDOC ID:** 1020756 **Name:** MONTELONGO, VICTOR **Cur. Loc:** ESP

**OIC Date:** 10/28/2022 **OIC Loc:** ESP - Phase 1 Recreation Yard **IR #:** IR-2022-ESP-002218 **OIC #:** 513822

**IR:** A spontaneous use of force occurred during an escort of Inmate Montelongo, Victor # 1020756 by escorting CERT Officers.While moving him to property for transport.

**NOC:**

On October 28, 2022, at approximately 2150 hours, the Correctional Emergency Response Team (C.E.R.T.) was tasked with escorting Inmate Montelongo #1020756 from Visiting Cell 3 to the Property Room to get prepared for transport to William Bee Ririe Hospital. While in the main corridor of Building 9, Inmate Montelongo was being hostile and combative and was pushing against escorting officers. It was apparent during the escort that Inmate Montelongo was highly intoxicated. Inmate Montelongo was placed in a modified escort. In route to the Property Room, Inmate Montelongo continued to be combative and did spit on one of the Sergeants that was present. When this happened, Inmate Montelongo was placed on the ground and was segmented by the escorting officers. A spit mask was placed on the inmates head to keep him from spitting on another officer. Inmate Montelongo was escorted and placed in a property cell, given an unclothed body search, and placed in a black box for transport.

| Resulting Offense | Finding | Sanction | Duration | Effect Dt. |
|---|---|---|---|---|
| MJ3 Battery | Guilty | Loss Of ACCESS Packages Privilege | 0-mths / 90-days | 12/22/2022 |
| MJ3 Battery | Guilty | Loss Of Canteen Privilege | 0-mths / 90-days | 12/22/2022 |
| MJ3 Battery | Guilty | Stat Loss Referral | 0-mths / 60-days | 12/22/2022 |
| MJ3 Battery | Guilty | Loss Of Phone Privilege | 0-mths / 90-days | 12/22/2022 |

**OIC Date:** 10/28/2022 **OIC Loc:** ESP - Unit 7 **IR #:** IR-2022-ESP-002217 **OIC #:** 513820

**IR:** Two Inmates on two officer assault In Unit 7A while completing Red Tag showers. Inmates Involved was Montelongo, Victor # 1020756 and [redacted] Housed in Unit 7, A wing, Cell 32. Officers involved were C/O Coulston and C/O Elmore.

**NOC:**

At approximately 7:50PM on October 28, 2022, I, Correctional Officer E. Elmore, while working my assigned post at Ely State Prison as one of the Culinary Officers, I was in Unit 7 to conduct the red tag shower that remained to be done. The shower that remained was Cell 7A32 which housed Inmates Montelongo, V NDOC #1020756 and [redacted]. Both Inmates refused direct orders to go to the shower which led to a spontaneous use of force. Injuries were sustained by both Officers attempting to complete red tag showers. END OF REPORT

| Resulting Offense | Finding | Sanction | Duration | Effect Dt. |
|---|---|---|---|---|
| MJ3 Battery | Guilty | Loss Of Canteen Privilege | 0-mths / 90-days | 04/05/2023 |
| MJ3 Battery | Guilty | Disciplinary Segregation | 0-mths / 180-days | 01/05/2023 |
| MJ3 Battery | Guilty | Restitution | 0-mths / 0-days | 01/05/2023 |
| MJ3 Battery | Guilty | Attorney General Refferal | 0-mths / 0-days | 01/05/2023 |
| MJ3 Battery | Guilty | Stat Loss Referral | 0-mths / 60-days | 01/05/2023 |

**OIC Date:** 10/19/2022 **OIC Loc:** ESP - Unit 7 **IR #:** IR-2022-ESP-002117 **OIC #:** 513485

**IR:** During a random cell search of cell 7A32, an Inmate made weapon was discovered.

**NOC:** On October 19, 2022, at approximately 6:40 am, I, Officer Cade Herring, was helping a fellow Officer conduct a search of cell 7A32, which housed Inmates Montelongo, V. #1020756 and [redacted]. While searching a box of property belonging to inmate Montelongo, I found an inmate made weapon in the bottom of the box. The weapon was made of metal and appeared to have been cut from the brace on the desk in the cell. The area of the table brace that had been cut, was painted with red spray paint, before the inmates were placed back into the cell. I maintained custody of the weapon the entire time, and booked it into evidence, as per policy.

| Resulting Offense | Finding | Sanction | Duration | Effect Dt. |
|---|---|---|---|---|
| MJ26 Possession of contraband | Guilty | Stat Loss Referral | 0-mths / 60-days | 11/10/2022 |
| MJ26 Possession of contraband | Guilty | Loss Of Canteen Privilege | 0-mths / 90-days | 11/10/2022 |
| MJ26 Possession of contraband | Guilty | Loss Of Phone Privilege | 0-mths / 90-days | 11/10/2022 |

# State of Nevada
# Department of Corrections

Inmate Disciplinary History Report

**NDOC ID:** 1020756 **Name:** MONTELONGO, VICTOR **Cur. Loc:** ESP

**OIC Date:** 10/19/2022 **OIC Loc:** ESP - Unit 7 **IR #:** IR-2022-ESP-002117 **OIC #:** 513485

| Resulting Offense | Finding | Sanction | Duration | Effect Dt. |
|---|---|---|---|---|
| MJ26 Possession of contraband | Guilty | Loss Of ACCESS Packages Privilege | 0-mths / 90-days | 11/10/2022 |
| MJ26 Possession of contraband | Guilty | Attorney General Refferal | 0-mths / 0-days | 11/10/2022 |

**OIC Date:** 07/06/2022 **OIC Loc:** HDSP - Unit 4 **IR #:** IR-2022-HDSP-002719 **OIC #:** 510009

**IR:** Inmates [redacted] and Inmate Montelongo #1020756 refused to roll up for transportation. Notice of Charges created.

**NOC:** I Officer D. Eckard was assigned to Unit 4 Floor at High Desert State Prison on July 5, 2022 from 2100 to 0500 hours. At approximately 2235 hours Inmate MONTELONGO #1020756 in 4C22 refused to let us inventory his property for transport until he received his MP3 Player from [redacted] in 4C18. At approximately 2250 hours I retrieved the MP3 Player from 4C18 and issued a notice of charges for bartering, selling, and trading. Inmate MONTELONGO #1020756 still refuses until he receives his MP3 Player. I informed Lieutenant Rivera of the refusal, end of report.

| Resulting Offense | Finding | Sanction | Duration | Effect Dt. |
|---|---|---|---|---|
| MJ57 Fail/Refuse to Cell as Assigned | Dismissed | | 0-mths / 0-days | |

**OIC Date:** 07/05/2022 **OIC Loc:** HDSP - Unit 4 **IR #:** IR-2022-HDSP-002717 **OIC #:** 510002

**IR:** Inmate Montelongo #1020756 was scheduled for institutional transfer. During the inventory of his property he stated he was going to refuse if we did not retreive his MP3 tablet from cell 4-C-18. The tablet was retreived however it was confiscated and notice of charges were created for both inmates. ...<TRUNCATED>

**NOC:** I Officer D. Eckard was assigned to Unit 4 Floor at High Desert State Prison on July 5, 2022 from 2100 to 0500 hours. At approximately 2235 hours I was attempting to collect inmate MONTELONGO #1020756 property, housed in 4C22 for transportation to a different facility. He informed Officer Garcia and myself that he needs his MP3 player from 4C18 housing Inmate [redacted] or he would refuse to cooperate. I informed him that would not be possible as that is considered bartering, selling, and trading and that they would receive a write-up he would not be receiving his property. He acknowledged and refused to have us inventory his property for his transport. I retrieved the MP3 player from [redacted] in 4C18 and informed Lieutenant Rivera of the refusal, end of report.

| Resulting Offense | Finding | Sanction | Duration | Effect Dt. |
|---|---|---|---|---|
| G14 Failure to Follow Rules and Regs | Guilty | Verbal Reprimand | 0-mths / 0-days | 07/24/2022 |

**OIC Date:** 04/11/2022 **OIC Loc:** HDSP - Unit 4 **IR #:** IR-2022-HDSP-001410 **OIC #:** 507225

**IR:** Inmate [redacted] and Inmate Montelongo #1020756 U4C22captured their food flaps in protest by sticking their arms out and refused to release it. Sgt Moore addressed inmates and convinced them to release food flaps without further incident. Inmates will receive NOC.

**NOC:** On Monday, April 11th, 2022 I, Senior Officer Leong was assigned to Unit 4 C/D at High Desert State Prison. At approximately 0500 hours, I conducted normal operations. At the start of shift, the Control Officer would turn on all the interior cell bright lights. I would conduct a Unit Tour (Wellness Check). The occupied cells in compliance (No Cell Door Covering, Lights Covered, Clothes Lines, etc.) would be given the opportunity to be placed on the Yard List. I would complete Unit 4, C&D Pod?s Yard List. Thirteen (13) were placed on C-Pod and Six (6) were placed on D-Pod. I notified the one?s placed on the Yard List in C-Pod to be ready right after Breakfast. Some on the list were displeased as they received Morning Yard yesterday (Sunday). They were informed Unit 4 C/D has to coordinate with Unit 4 A/B as the Unit?s Yard are not allowed to overlap. Also, day shift will complete the larger list in order for everyone who is in compliance to be provided the opportunity for Yard due to the afternoon Shift (Swing Shift) being busier (Bed Moves, Property to Inventory, Showers, Yard, Etc.).

At approximately 0600 hours while providing Unit 4, C22 housing MONTELONGO, Victor #1020756 a sack lunch and breakfast tray, MONTELONGO extended one of his arms out of the food flap (Tampering with the Locking Mechanism) jeopardizing the safety and security of the institution. MONTELONGO then tied white clothing around the food flap to obstruct the locking mechanism to properly secure in protest of Yard. Due to MONTELONGO actions,

1-23-26

# EXHIBIT

# B

Investigation Detail Report
Supervising The Escort

EXHIBIT B

# State of Nevada
# Department of Corrections

Investigation Detail Report
For: AG Office

## Investigation

| | | | |
|---|---|---|---|
| **Investigator:** | | **IR Number:** | IR-2022-ESP-002218 |
| **Assigned Date:** | | **Occurrence Date:** | 10/28/2022 |
| **Report Due Date:** | | **IA Number:** | IA- |
| **Disposition Date:** | | **Institution:** | ESP |

## Staff Involvment

- Reports

| Report Type | Report Detail |
|---|---|
| INC028 | On October 28, 2022 I Senior Correctional Officer Brown was working my assigned post at Ely State Prison on the Correctional Emergency Response Team. At approximately 2200 I assisted in a Spontaneous Use of Force involving Inmate Montelongo NDOC 1020756. Montelongo was being very difficult and non compliant on the escort from visiting holding all the way to property. Once he was placed on the ground I assisted with segmenting Montelongo and had positive control of his right wrist. Montelongo was then brought back up and escorted to the property room to and then taken to the hospital. End of Report. |

| Staff Name | Participation |
|---|---|
| WEILAND, JAMES | Reporting |

**Comment:** Sgt.

- Reports

| Report Type | Report Detail |
|---|---|
| INC028 | On October 28,2022 at approximately 2156, I Sergeant Weiland was supervising the escort of inmate Montelongo #1020756 from visiting holding to property hallway for a medical transport. While CERT officers were escorting inmate Montelongo he started to turn towards officers and was trying to pull away from them. He then attempted to stop the escort. He was then escorted in a modified rear wrist lock. During the escort he continued to turn towards officers and was attempting to pull way from the escorting officers. He then spit on me hitting my glasses. CERT officers placed him on the ground and put a spit mask on him. The escort was continued and he was escorted to WBR Hospital. |

| Staff Name | Participation |
|---|---|
| GUZMAN JR, JOSE | Reporting |

**Comment:** CERT

- Reports

| Report Type | Report Detail |
|---|---|
| INC028 | On October 28, 2022, I Correctional Officer J. Guzman was working my assigned post on the Correctional Emergency Response Team (CERT) at Ely State Prison. At approximately 2200 during an escort down to the property room a spontaneous use of force that occurred outside of the property room on inmate Montelongo, # 1020756. I then assisted the officers by segmenting on the lower extremities, I then secured the legs by placing them in restraints. Once fully secured I took over the escort and escorted the inmate to the property room where he performed an unclothed body search and was then taken to the hospital. No further incidents. End of report |

| Staff Name | Participation |
|---|---|
| KIRKLAND, DENT | Victim |

**Comment:** CERT

# State of Nevada
# Department of Corrections

Investigation Detail Report
For: AG Office

## Investigation

| | | | |
|---|---|---|---|
| **Investigator:** | | **IR Number:** | IR-2022-ESP-002218 |
| **Assigned Date:** | | **Occurrence Date:** | 10/28/2022 |
| **Report Due Date:** | | **IA Number:** | IA- |
| **Disposition Date:** | | **Institution:** | ESP |

## Staff Involvment

- Reports

| **Report Type** | **Report Detail** |
|---|---|
| USEOF | On October 28, 2022, at approximately 9:50 pm I Correctional Emergency Response Team Officer Kirkland was assigned to transport Inmate Montelongo, Victor #1020756 to WBRH for a medical transport. When we arrived at his cell in visiting holding he appeared to be under influence, he was having trouble following simple orders and smelled of Inmate made alcohol. Once he was restrained we began the escort to the property holding cells so he could be placed in a black box for the transport. During the escort inmate Montelongo was pushing against me and I gave him several orders to continue walking and continue with the escort. Inmate Montelongo pushed against me a second time and we placed him in a modified escort and continued to move him to property. As we were crossing the yard he spit in the face of the Sergeant following behind us. At that time we placed him on the ground and segmented him there until the camera arrived. Once the camera arrived I was relieved and we continued to property room and placed him in the black box for the transport WBRH. |

1-23-2

# EXHIBIT

# C

Sgt. James Weiland's Admissions

EXHIBIT C

AARON D. FORD
Attorney General
JEFFREY D. WHIPPLE (Bar No. 16346)
Deputy Attorney General
State of Nevada
Office of the Attorney General
1 State of Nevada Way, Ste. 100
Las Vegas, Nevada 89119
(702) 486-3792 (phone)
(702) 486-3768 (fax)
Email: jwhipple@ag.nv.gov

*Attorneys for Defendants Curtis Rigney, William Gittere, and James Weiland*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| VICTOR MONTELONGO,<br>Plaintiff,<br>v.<br>JAMES WEILAND, *et al.*,<br>Defendants. | Case No. 3:23-cv-00624-CSD<br><br>**DEFENDANT JAMES WEILAND'S RESPONSES TO PLAINTIFF'S REQUEST FOR ADMISSION, SET ONE** |

Defendant, James Weiland, by and through counsel, Aaron D. Ford, Nevada Attorney General, and Jeffrey D. Whipple, Deputy Attorney General, of the State of Nevada, Office of the Attorney General, hereby responds to Plaintiff's Request for Admission, Set One, as follows[1]:

## INTRODUCTION

1. Defendant is bound to comply with statutes, regulations, and protocols governing the dissemination of confidential information pertaining to prison administration. In preparing these responses, Defendant may not yet have discovered all such bases of confidentiality upon which to interpose an objection to a discovery request presented herein. Accordingly, Defendant reserves the right to assert additional bases of confidentiality at a later time, when the applicability to the discovery request is realized.

[1] The use of [sic] to delineate errors is not used in this document. These Requests are typed as in the original.



6

## RESPONSES TO REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:**

Please admit that you have been accused of excessive force by other inmates during your tenure at the Nevada Dept. of Corrections.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

Defendant objects to RFA No. 1 as it does not have a tendency to make any party's claims or defenses more or less probable, making the request irrelevant and disproportional to the needs of the case, considering the importance of the information in resolving the issues, because this case is about the alleged use of excessive force, and the status of investigation or complaints made regarding *other* excessive force claims does not make the facts regarding *this* excessive force claim more or less likely.

Defendant further objects to RFA No. 1 as the RFA's only possible purpose in asking for personal information—such as, investigative or litigation status or complaints made against a defendant in another matter—that has no relevance to the lawsuit is to harass the Defendant.

Based on these objections, no response will be forthcoming.

**REQUEST FOR ADMISSION NO. 2:**

Admit that you have been investigated in the past for alleged/possible excessive force claims.

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

Defendant objects to RFA No. 2 as it does not have a tendency to make any party's claims or defenses more or less probable, making the request irrelevant and disproportional to the needs of the case, considering the importance of the information in resolving the issues, because this case is about the alleged use of excessive force, and the status of investigation or complaints made regarding *other* excessive force claims does not make the facts regarding *this* excessive force claim more or less likely.

Defendant further objects to RFA No. 2 as the RFA's only possible purpose in asking for personal information—such as, investigative or litigation status or complaints made



7

**REQUEST FOR ADMISSION NO. 8:**

Admit that the medical staff at William B. Hospital in the town of Ely, Nevada noted that plaintiff's entire head was swollen, he had compound fractures in his face, his hand was broken, and there was bruising and lacerations all over his body.

**RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

Deny. I did not go to hospital or have any knowledge of hospital information.

**REQUEST FOR ADMISSION NO. 9:**

Admit that it is ESPs policy to wait for a camcorder to escort an inmate after spontaneous use of force had just occurred.

**RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

Admit. Under normal circumstances that is procedure.

**REQUEST FOR ADMISSION NO. 10:**

Admit that all the cameras in the hallway, where property is located in ESP, were functioning properly the day in question.

**RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

Deny. This statement is not correct.

**REQUEST FOR ADMISSION NO. 11:**

Admit that Plaintiff was in handcuffs and shackles on the day in question while you were escorting him.

**RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

Deny. I have no personal knowledge as I did not escort him.

**REQUEST FOR ADMISSION NO. 12:**

Admit that you went on probation following OIC #513820 and the decision to put you on probation was directly related to OIC #513820.

**RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

Defendant objects to RFA No. 12 because the information Plaintiff is seeking, particularly employee disciplinary information, is confidential under NAC 284.718(1)(j).

Based on this objection, no response will be forthcoming.

**RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

Deny. This statement is false.

**REQUEST FOR ADMISSION NO. 19:**

Admit that the plaintiff lunged from the restraint chair, that is how he sustained his injuries to his hand and face, after you restrained them.

**RESPONSE TO REQUEST FOR ADMISSION NO. 19:**

Deny. I am unaware of inmate's injuries.

**REQUEST FOR ADMISSION NO. 20:**

Admit that the plaintiff has long hair and that his face was bleeding on the day in question.

**RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

Deny. I do not recall the style of Plaintiff's hair.

**REQUEST FOR ADMISSION NO. 21:**

Admit that at all times relevant to this incident, that every time it was alleged that the Plaintiff assaulted and or battered a correctional officer, he head on handcuffs and shackles.

**RESPONSE TO REQUEST FOR ADMISSION NO. 21:**

Deny.

**REQUEST FOR ADMISSION NO. 22:**

Admit that ESP officials lied about there being any camera footage of the incident in question during the disciplinary process.

**RESPONSE TO REQUEST FOR ADMISSION NO. 22:**

Deny. This statement is false.

**REQUEST FOR ADMISSION NO. 23:**

Admit that NDOCs policy is to take picture of any injuries that an officer has after the use of force.

**RESPONSE TO REQUEST FOR ADMISSION NO. 23:**

Deny. Officer with injuries goes to hospital.



9

## CERTIFICATE OF SERVICE

I certify that I am an employee of the State of Nevada, Office of the Attorney General, and that on March 20, 2025, I served the foregoing **DEFENDANT JAMES WEILAND'S RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSION, SET ONE** by depositing a copy for mailing in the United States Mail, first-class postage prepaid, at Carson City, Nevada, addressed to the following:

Victor Montelongo, #1020756
c/o HDSP Law Librarian
High Desert State Prison
P. O. Box 650
Indian Springs, NV 89070
HDSP_LawLibrary@doc.nv.gov

An employee of the
Office of the Nevada Attorney General



10

1-23-2

# EXHIBIT D

CERT Sgt. Danial Jacobs Comment

on the back

# State of Nevada
# Department of Corrections

Investigation Detail Report
For: AG Office

## Investigation

| | | | |
|---|---|---|---|
| **Investigator:** | | **IR Number:** | IR-2022-ESP-002218 |
| **Assigned Date:** | | **Occurrence Date:** | 10/28/2022 |
| **Report Due Date:** | | **IA Number:** | IA- |
| **Disposition Date:** | | **Institution:** | ESP |

## Staff Involvment

- Reports

**Report Type** **Report Detail**

When I arrived in the visiting holding cells where he was being held for transport, I could see that he was under the influence of something. When I gave him the command to submit to an unclothed body search and opened the food slot a very strong odor of Inmate made alcohol came from the cell. He Could not follow simple orders and conducting the unclothed body search took some time to finish. Once the search was complete, he submitted to restraints, and we began the escort to the property holding cells where he could be placed in black box restraints and escorted to the hospital. During the escort he became belligerent and was pushing against my partner that was helping with the escort. He was given verbal commands to follow orders and continue the escort. When he pushed against my partner the second time we placed him into a modified escort and continued to move him to the property room. A short time after placing him in the modified escort he spit in the face of the Sergeant that was behind us. At that time, he was placed on the ground and was secured there until a camera arrived on scene. He was then escorted to property where we finished prepping him for transport to WBRH.

| Staff Name | Participation |
|---|---|
| JACOBS, DANIAL | Reporting |

**Comment:** CERT Sgt.

EXHIBIT D

- Reports

| Report Type | Report Detail |
|---|---|
| INC028 | On October 28, 2022, at approximately 2150 hours, the Correctional Emergency Response Team (C.E.R.T.) was tasked with escorting Inmate Montelongo #1020756 from Visiting Cell 3 to the Property Room to get prepared for transport to William Bee Ririe Hospital. While in the main corridor of Building 9, Inmate Montelongo was being hostile and combative and was pushing against escorting officers. It was apparent during the escort that Inmate Montelongo was highly intoxicated. Inmate Montelongo was placed in a modified escort. In route to the Property Room, Inmate Montelongo continued to be combative and did spit towards one of the Sergeants that was present. When this happened, Inmate Montelongo was placed on the ground and was segmented by the escorting officers. A spit mask was placed on the inmate?s head to keep him from spitting on another officer. Once the camera arrived on scene, the escorting officers were relieved, per policy, and two other C.E.R.T. officers continued the escort. Inmate Montelongo was placed in a property cell, given an unclothed body search, and placed in a black box for transport. |

| Staff Name | Participation |
|---|---|
| BROWN, SHANE | Reporting |

**Comment:** CERT

- 



on the back

# State of Nevada
# Department of Corrections

Investigation Detail Report
For: AG Office

EXHIBIT D (4)

## Investigation

| | | | |
|---|---|---|---|
| **Investigator:** | | **IR Number:** | IR-2022-ESP-002218 |
| **Assigned Date:** | | **Occurrence Date:** | 10/28/2022 |
| **Report Due Date:** | | **IA Number:** | IA- |
| **Disposition Date:** | | **Institution:** | ESP |

## Referral

**Referred By:** COOKE, TASHEENA

**Referred Date:** 12/29/2022 12:22

**Referral Detail:** I/M submitted a disciplinary appeal for this OIC that alleges an excessive use of force in this incident. Referred to the IG for review.

## Narrative

A spontaneous use of force occurred during an escort of inmate Montelongo, Victor # 1020756 by escorting CERT Officers.While moving him to property for transport.

## Offender Involvment

| NDOC ID | Offender Name | Participation |
|---|---|---|
| 1020756 | MONTELONGO, VICTOR | Participant |

**Comments:**

## Staff Involvment

| Staff Name | Participation |
|---|---|
| BRANDON, JEFFERY | Reporting |

**Comment:** 019

- Reports

| Report Type | Report Detail |
|---|---|
| INC019 | On October 28,2022 at approximately 2156, a hands-on use of force was performed on inmate Montelongo, Victor #1020756 when he was being escorted from visiting holding to property hallway for a medical transport. While CERT officers were escorting inmate Montelongo he started to turn towards officers and was trying to pull away from them. At that time, he was escorted in a modified rear wrist lock. During the escort he continued to turn towards officers and was attempting to pull away from the escorting officers. He then spit on Sgt. Weiland hitting his glasses. CERT officers placed him on the ground and put a spit mask on him. The escort continued, and he was taken to WBRH for his assessment. |

| Staff Name | Participation |
|---|---|
| RIGNEY, CHET | Reporting |

**Comment:** CERT

- Reports

| Report Type | Report Detail |
|---|---|
| USEOF | On October 28, 2022, at approximately 2150 hours I Correctional Emergency Response Team (CERT) Officer Chet Rigney was assigned to take inmate Montelongo # 1020756 to WBRH for a medical transport after he had assaulted custody staff. |

1-23-2

# EXHIBIT

## D(4)

DEFENDANT
JEFFERY BRANDON

1-23-2

# EXHIBIT

# E

Defendant Sgt. James Weiland Acting As Hearing Officer 10.29.22

14

6 pgs

EXHIBIT E

# State of Nevada
# Department of Corrections

## DISCIPLINARY FORM II

## SUMMARY OF HEARING OFFICER'S INQUIRY AND DISPOSITION

| INMATE INFORMATION | | HEARING INFORMATION | |
|---|---|---|---|
| INMATE NAME: | MONTELONGO, VICTOR 1020756 | DATE OF HEARING: 11/10/2022 | TIME OF HEARING: 07:55 pm |
| CURRENT LOCATION: | HDSP-U12-A-28-B; ;NC | NAME OF HEARING OFFICER: | WEILAND, JAMES |
| OIC#: 513820 | IR#: IR 2022-ESP-002217 | DATE OF SERVICE OF NOTICE OF CHARGES: | 10/29/2022 |

WAIVE PREPARATION: N    WAIVE HEARING: N    REFUSE TO SIGN: N

### CHARGES

| Chrg | Description | Plea |
|---|---|---|
| MJ3 | Battery | Not Guilty |

### PRELIMINARY STATEMENT OF OFFENDER

Inmate made no statement at this time

### PRELIMINARY INSTITUTION PRESENTATION

C/O Elmore reports that inmate MONTELONGO, VICTOR 1020756 refused orders which resulted in a spontaneous use of force causing injury to both escorting officers

### PRELIMINARY HEARING OFFICER ACTION

| Chrg | Description | RChrg | Description | Finding |
|---|---|---|---|---|
| MJ3 | Battery | MJ3 | Battery | Refer to Disciplinary Hearing |

### RESULTS OF INFORMAL SUMMARY HEARING

| Line | Description | Mths | Days | Eff. Date | End Date | SSL | Rest. Act | Penalty Comment |
|---|---|---|---|---|---|---|---|---|

### EVIDENCE RELIED ON FOR PRELIMINARY HEARING

| Date | UserName | Statement |
|---|---|---|
| 11/10/2022 | SGT Weiland | C/O Elmore reports that inmate MONTELONGO, VICTOR 1020756 refused orders which resulted in a spontaneous use of force causing injury to both escorting officers |

### ADVISEMENT TO DISCIPLINARY COMMITTEE

**Counsel Substitute Requested:** [X]    **Name of Counsel Substitute:** TBD

### WITNESS INFORMATION

**Witness Decision Justification:** Inmate requested no witness at this time

| Name | NDOC/ID# | Decision | Reason | Table |
|---|---|---|---|---|

### SIGNATURES AND RECEIPT

**DATE OF SERVICE:** ____________ **TIME OF SERVICE:** __________

**PRINTED NAME OF HEARING OFFICER** ______________________

**SIGNATURE OF HEARING OFFICER** ______________________

**SIGNATURE OF INMATE** ______________________
(Signature indicates receipt only. It is not a plea; refusal to sign should be noted)

### DISTRIBUTION

Primary Hearing Officer (Original)

Charging employee (Copy)

Inmate (Copy)

15

# State of Nevada
# Department of Corrections
## DISCIPLINARY FORM III
## SUMMARY OF DISCIPLINARY HEARING

**INMATE INFORMATION**

**INMATE NAME:** MONTELONGO, VICTOR 1020756
**CURRENT LOC:** HDSP-U12-A-28-B; : ;NC
**INCIDENT LOC:** ESP
**OIC#:** 513820 **IR#:** IR-2022-ESP-002217

**HEARING INFORMATION**

**DATE OF HEARING:** 01/05/2023 **TIME OF HEARING:** 10:11 am
**NAME OF HEARING OFFICER:** RIGNEY, CURTIS
**DATE OF SERVICE OF NOTICE OF CHARGES:** 10/29/2022
**CHARGING EMPLOYEE:** ELMORE, EDWARD

Director Review Required?

Does the offender want a witness — Was asked and does not want a witness

**SIGNATURES AND RECEIPT**

**DATE / TIME OF SERVICE:** ________________ / ____________

**HEARING OFFICER:** ______________________________
(Printed name of Serving Officer)

**HEARING OFFICER:** ______________________________
(Signature of Serving Officer)

**OFFENDER:** ______________________________
(Signature indicates receipt only. It is not a plea; refusal to sign should be noted)

**WARDEN/DESIGNEE:** ______________________________
(Signature of Warden / Designee)

**DISTRIBUTION**

I-File (Original)

Inmate Services (Copy)

Inmate (Copy)



NDOC000286

15.1

# State of Nevada
# Department of Corrections
## DISCIPLINARY FORM III
## SUMMARY OF DISCIPLINARY HEARING

| INMATE INFORMATION | HEARING INFORMATION |
|---|---|
| **INMATE NAME:** MONTELONGO, VICTOR 1020756 | **DATE OF HEARING:** 01/05/2023 **TIME OF HEARING:** 10:11 am |
| **CURRENT LOC:** HDSP-U12-A-28-B; : ;NC | **NAME OF HEARING OFFICER:** RIGNEY, CURTIS |
| **INCIDENT LOC:** ESP | **DATE OF SERVICE OF NOTICE OF CHARGES:** 10/29/2022 |
| **OIC#:** 513820 **IR#:** IR-2022-ESP-002217 | **CHARGING EMPLOYEE:** ELMORE, EDWARD |

**DISCIPLINARY HEARING ACTION**

| Chrg | Description | RChrg | Description | Finding |
|---|---|---|---|---|
| MJ3 | Battery | MJ3 | Battery | Guilty |
| MJ3 | Battery | MJ3 | Battery | Refer to Disciplinary Hearing |

**RESULTS OF DISCIPLINARY HEARING**

| Line | Description | Mths | Days | Eff. Date | End Date | SSL | Rest. Act | Penalty Comment |
|---|---|---|---|---|---|---|---|---|
| 27 | Stat Loss Referral | | 60 | 01/05/2023 | 03/06/2023 | | | |
| 28 | Restitution | | | 01/05/2023 | | | | |
| 29 | Disciplinary Segregation | | 180 | 01/05/2023 | 07/04/2023 | | | |
| 30 | Loss Of Canteen Privilege | | 90 | 04/05/2023 | 07/04/2023 | | | |
| 33 | Attorney General Refferal | | | 01/05/2023 | | | | |

**ANCILLARY INFORMATION AND INSTRUCTIONS**

- [X] **STAT FORFEITURE REFERRAL**
- [ ] **RECOMMENDED CATEGORY**
- [ ] **POST DISCIPLINARY CLASSIFICATION**

| HEARING QUESTIONS: | HEARING ANSWERS: |
|---|---|
| Inmate Defendant Present? | Yes |
| Counsel Substitute Requested | No |
| Counsel Substitute Name | |
| Stat forfeiture possible? | Yes |
| Disciplinary Hearing Committee | Rigney, Cox, Allred |
| Proceedings Recorded? | Yes |
| Stat Referral Sent | Yes |
| Potential Category? | CAT A |
| Recommended Category? | Cat A |
| Cautioned for Possible Criminal Charges? | Yes |
| Reminded of Right to Remain Silent? | Yes |
| Corroboration Testimony for CI Info? | |
| Does Investigator Validate CI? | |
| Does Chair Validate CI Source? | |
| Are CI Documents Reliable? | |
| Does Safety Prevent Disclosure of CI? | |
| Was CI Info Accepted? | |
| Parole Board Referal? | |
| Post Disciplinary Classification? | |

14

# State of Nevada
# Department of Corrections
## DISCIPLINARY FORM III
## SUMMARY OF DISCIPLINARY HEARING

**INMATE INFORMATION**

**INMATE NAME:** MONTELONGO, VICTOR 1020756
**CURRENT LOC:** HDSP-U12-A-28-B: : ;NC
**INCIDENT LOC:** ESP
**OIC#:** 513820 **IR#:** IR-2022-ESP-002217

**HEARING INFORMATION**

**DATE OF HEARING:** 01/05/2023 **TIME OF HEARING:** 10:11 am
**NAME OF HEARING OFFICER:** RIGNEY, CURTIS
**DATE OF SERVICE OF NOTICE OF CHARGES:** 10/29/2022
**CHARGING EMPLOYEE:** ELMORE, EDWARD

**CHARGES AND PLEAS**

| Chrg | Description | Plea |
|---|---|---|
| MJ3 | Battery | Not Guilty |

**ADDITIONAL HEARING INFORMATION**

Counsel Substitute Requested: ☐
Counsel Substitute:
Proceeding Recorded: X
Stat Forfeiture Possible: X
Potential Category: ☐
Offender Cautioned Regarding Possible Criminal Charges and Right to Remain Silent: X

**WITNESS INFORMATION**

**Witness Decision Justification:** Not requested

| Name | NDOC/ID# | Decision | Reason | Table |
|---|---|---|---|---|

**CONFIDENTIAL INFORMATION (CI) CHECKLIST (BOTH A & B MUST BE 'YES' TO RELY ON CI)**

A CI RELIABLE ☐ CHECK AT LEAST ONE BOX BELOW

☐ INVESTIGATION OFFICER TESTIFIES PERSONALLY AS TO THE TRUTHFULNESS OF THE CONFIDENTIAL INFORMATION IN HIS RE
☐ CORROBORATING TESTIMONY
☐ DISCIPLINARY CHAIR HAS FIRST HAND KNOWLEDGE OF SOURCE AND SOURCE HAS BEEN RELIABLE IN THE PAST
☐ IN-CAMERA REVIEW OF DOCUMENTS FOUND RELIABLE

B STATEMENT BY CORRECTIONAL OFFICIAL: SAFETY PREVENTS DISCLOSURE OF CI ☐

**DISCIPLINARY STATEMENT OF OFFENDER**

On recording

**INSTITUTION PRESENTATION**

Staff reports

**EVIDENCE RELIED ON FOR DISCIPLINARY HEARING**

| Date | UserName | Statement |
|---|---|---|
| 01/05/2023 | Rigney | Staff report |



16.1

# State of Nevada
# Department of Corrections
## DISCIPLINARY FORM I
## NOTICE OF CHARGES

| INMATE INFORMATION | VIOLATION INFORMATION |
|---|---|
| **INMATE NAME:** MONTELONGO, VICTOR 1020756 | **CHARGING EMPLOYEE:** ELMORE, EDWARD |
| **CURRENT LOC:** HDSP-U12-A-28-B; : ;NC | **DATE OF INCIDENT:** 10/28/2022 |
| **OIC#:** 513820 **IR#:** IR-2022-ESP-002217 | **DATE CHARGES WRITTEN:** 10/28/2022 |

**CHARGES AND EVIDENCE**

| Chrg | Description | Evidence | Evidence Disposition |
|---|---|---|---|
| MJ3: | Battery | | |

**REPORT OF VIOLATION**

At approximately 7:50PM on October 28, 2022, I, Correctional Officer E. Elmore, while working my assigned post at Ely State Prison as one of the Culinary Officers, I was in Unit 7 to conduct the red tag shower that remained to be done. The shower that remained was Cell 7A32 which housed Inmates Montelongo, V NDOC #1020756 and [redacted] Both Inmates refused direct orders to go to the shower which led to a spontaneous use of force. Injuries were sustained by both Officers attempting to complete red tag showers. END OF REPORT

| CHARGING EMPLOYEE | SUPERVISOR |
|---|---|
| (Signature of Charging Employee) | (Signature of Supervisor) |

**SERVICE OF NOTICE OF CHARGES**

**DATE / TIME OF SERVICE:** ______________ / __________

**SERVING OFFICER:** ______________________________
(Printed name of Serving Officer)

**SERVING OFFICER:** ______________________________
(Signature of Serving Officer)

**OFFENDER:** ______________________________
(Signature indicates receipt of notice only. It is not a plea; refusal to sign should be noted)

**DISTRIBUTION**

Primary Hearing Officer (Original)

Charging employee (Copy)

Inmate (Copy)

17

1-23-2

# EXHIBIT F

Investigation

3 pgs.

EXHIBIT F
3 pgs



**Investigation:**

On October 28, 2022, inmates Victor MONTELONGO #1020756 and Tharon ABEL #1216961 became combative with officers during an escort, resulting in battery on both officers and a spontaneous use of force. Correctional Officers Edward Elmore and Christopher Coulston were escorting the inmates when the altercation occurred.

On November 4, 2022, this criminal investigation was assigned to OIG Investigator Cameron Horsley. Written reports from Coulston and Elmore state they were in unit 7 to conduct escorts for inmates from their cell to the shower. The escorts for this unit are completed with the inmates in wrist restraints.

As part of the investigation Investigator Horsley requested and obtained video from Associate Warden David Drummond. Warden Drummond provided a compact disc containing three videos. The videos provided include 1 Surveillance video of the incident in unit 7, 1 surveillance video of the ESP Infirmary housing unit showing a spontaneous use of force on inmate ABEL, and 1 handheld video from response to visiting holding following a spontaneous use of force on inmate MONTELONGO.

Upon review of the videos provided Investigator Horsley noted the surveillance video of unit 7 show events consistent with the reports written by witnesses of the altercation between inmates MONTELONGO and ABEL. More specifically the video shows inmates ABEL and MONTELONGO resisting and engaging in a physical altercation with Officers Elmore and Coulston.

Investigator Horsley noted both inmates had a significant size advantage over both escorting officers. Both inmates were escorted in wrist restraints.

The video shows inmate ABEL strike Officer Elmore with his knee as the altercation begins. The video shows inmate ABEL striking Officer Coulston with his knee repeatedly. The video also shows ABEL headbutting Officer Coulston multiple times.

The video shows inmate MONTELONGO striking Officer Elmore with his shoulder and pushing Officer Elmore around with his body.

Both Officers reported minor injuries due to the altercation. Medical reports indicate Officer Coulston had swelling in his right forearm and Officer Elmore had a "1 cm superficial cut on the top area of his skull". Both officers were sent to William B. Ririe ER for further evaluation. With the exception of the written report no medical documents were found regarding ESP Medical staff's evaluation of the officers' injuries.

No photographs were taken of any injuries for this incident.

OFFICIAL USE ONLY

THIS DOCUMENT IS THE PROPERTY OF THE STATE OF NEVADA DEPARTMENT OF CORRECTIONS. THE CONTENTS ARE CONSIDERED CONFIDENTIAL AND MAY NOT BE REPRODUCED OR DISSEMINATED WITHOUT THE EXPRESSED WRITTEN PERMISSION OF THE OFFICE OF THE INSPECTOR GENERAL.

**Findings:**

ESP Surveillance video and officer reports provide sufficient evidence that inmates Victor MONTELONGO #1020756 and Tharon ABEL #1216961 committed the crime of Battery by a Prisoner, a felony, in violation of NRS 200.481.2.f.

OFFICIAL USE ONLY

THIS DOCUMENT IS THE PROPERTY OF THE STATE OF NEVADA, DEPARTMENT OF CORRECTIONS. THE CONTENTS ARE CONSIDERED CONFIDENTIAL AND MAY NOT BE REPRODUCED OR DISSEMINATED WITHOUT THE EXPRESSED WRITTEN PERMISSION OF THE OFFICE OF THE INSPECTOR GENERAL.

**Evidence:**

1. **DVD – Surveillance and handheld video**



*THIS DOCUMENT IS THE PROPERTY OF THE STATE OF NEVADA, DEPARTMENT OF CORRECTIONS. THE CONTENTS ARE CONSIDERED CONFIDENTIAL AND MAY NOT BE REPRODUCED OR DISSEMINATED WITHOUT THE EXPRESSED WRITTEN PERMISSION OF THE OFFICE OF THE INSPECTOR GENERAL.*

1-23-26

# EXHIBIT

# G

MEDICAL ORDERS LAY-IN

EXHIBIT G7's

# MEDICAL ORDERS / LAY-IN

DISTRIBUTION: Inmate Medical Record

COPY PROVIDED TO: ☐ Property ☐ Custody ☐ Classification ☐ Inmate

FROM: Health Services

DATE: 1-31-23

Please be advised that the following has been ordered by the medical provider for the inmate named below:

• Right Hand Splint x 14 days

Days: ☐ 5 ~~☐ 10~~ 14 days ☐ 20 ☐ 30 ☐ 45 ☐ 60 ☐ 90

☐ Inmate is to lay-in ______ days From: ______ To: ______

☐ Inmate is to lay-in ______ weeks From: ______ To: ______

☐ Inmate is to be medically unassigned From: ______ To: ______

☐ Inmate is on athletic restrictions From: ______ To: ______

☐ Other: ______

TO Dr. Benson / V. Barry ✓ — Medical Practitioner Signature

Date: 1-31-23

I understand that I will not receive work credits until such time as I have been released by the Practitioner from this medical orders/lay-in or have been returned to work by the Classification Committee.

| [signature] | 1020756 | 5B-17 | 2-2-23 |
|---|---|---|---|
| Inmate Signature | ID# | Housing Unit | Date |

**If Required:** ☑ APPROVED ☐ DISAPPROVED

O Cooke — Warden Signature

Date: 2/3/23

**Note: Warden must confer with health authority to determine what appropriate alternative treatment will be given before any disapproval is finalized.**

NEVADA DEPARTMENT OF CORRECTIONS

**MEDICAL ORDERS**

**LAY-IN**

NAME: Montelongo (Last) Victor (First) ___ (MI)

ID# ~~1020755~~ 1020756 INSTITUTION: ESP

DOC 2531 (01/13)

5B17

22

EXHIBIT G's

## Returnable Items:

You are being given a prosthetic or medical device that is the property of Nevada Department of Corrections. Abuse, misuse, or loss of the device will be your responsibility. You will be responsible for replacement of the device at your own expense if it is not returned after use.

I have received the following RETURNABLE item(s):

| | ITEM / TYPE / ID# | ISSUING INSTITUTION | DATE | INMATE SIGNATURE | STAFF WITNESS |
|---|---|---|---|---|---|
| 1. | | | | | |
| 2. | | | | | |
| 3. | | | | | |
| 4. | | | | | |
| 5. | | | | | |

## Non-Returnable Items:

I have received the following NON-RETURNABLE item(s):

| | ITEM / TYPE / ID# | ISSUING INSTITUTION | DATE | INMATE SIGNATURE | STAFF WITNESS |
|---|---|---|---|---|---|
| 1. | REF 79-87060 UNIV WRIST/FOREARM SUPP-RIGHT | ESP | 2/7/23 | [signature] | V. D [signature] |
| 2. | | | | | |
| 3. | | | | | |
| 4. | | | | | |
| 5. | | | | | |

NEVADA DEPARTMENT OF CORRECTIONS

**RECEIPT FOR PROSTHETIC/MEDICAL DEVICE**

NAME: Montelongo Victor
Last First MI

ID#: 1020754

DOB: 11-26-88

Reference Medical Directive #410

DOC 2522 (03/22)

1-23-26

# EXHIBIT

# H

Hospital Treatment
10/28/22

**WBRH Main Billing** **Transaction List** **Page**: 1
**Date**: 09/17/25 08:05
Chadburn,Kemra

Montelongo,Victor **Registered:** 10/28/22 **Acct Num:** WB0000229450
35/M 11/26/1988 **Discharged:** 10/29/22 **Med Rec Num:** M000009488
**Pri Insurance:** NDOC ER 0.00 Zero

| Date | User | Transaction | Bill/Txn | Description | Batch | Amount | Balance |
|---|---|---|---|---|---|---|---|
| 10/28/22 | LALLEMAN | Note | None | Note | 10/28/22 | | |
| 10/28/22 | BKG DAEMON | 3080306 | 2 | DRUG SCREEN PNL UR | 10/28/22 CHG LAB #226 | 689.00 | 689.00 |
| 10/28/22 | BKG DAEMON | 3082056 | 2 | ALCOHOL Urine/Breath | 10/28/22 CHG LAB #226 | 157.00 | 846.00 |
| 10/29/22 | CTOPHAM | Discharge Date Edit | None | Discharge Date Edit | 10/28/22 | | 846.00 |
| 10/28/22 | BKG DAEMON | 3570450 | 2 | CT HEAD SCAN WO CONTRAST | 10/28/22 CHG ITS #229 | 1,620.00 | 2,466.00 |
| 10/28/22 | BKG DAEMON | 2511002 | 2 | TRAY URETHRAL | 10/31/22 CHG MM #41 | 28.88 | 2,494.88 |
| 10/28/22 | HKENNEDY | 299284 | 2 | ER FAC LEVEL 4 | 11/03/22 CHG GEN #18 | 926.00 | 3,420.88 |
| 10/28/22 | HKENNEDY | 299288 | 2 | ER FEE LEVEL 3 | 11/03/22 CHG GEN #18 | 341.00 | 3,761.88 |
| 11/03/22 | BKG DAEMON | Bill Cut | 2 | Bill Cut 10/28/22 - 10/29/22 | 11/03/22 SYSBLCUT #246 | 3,761.88 | 3,761.88 |
| 11/03/22 | BKG DAEMON | Bill Post | 2 | Bill Post 10/28/22 - 10/29/22 | 11/03/22 SYSBLCUT #246 | 3,761.88 | 3,761.88 |
| 11/04/22 | BKG DAEMON | Claim Sent | 2 | EPCCM CSID: WBA01044908 | 11/04/22 | | 3,761.88 |
| 11/04/22 | BKG DAEMON | Claim Sent | 2 | EICOMO CSID: WBA01044894 | 11/04/22 | | 3,761.88 |
| 12/04/22 | BKG DAEMON | Task | 2 | Insurance; PRIMARY; Insurance | 12/04/22 | | 3,761.88 |
| 01/03/23 | BKG DAEMON | Comment | 2 | Scheduled task not created. A task for Category: INSURANCE already exists. | 01/03/23 | | 3,761.88 |
| 01/25/23 | AMILLER | Remit Code | 2 | CAS 45-CO | 01/27/23 835 COMM #85 | | 3,761.88 |
| 01/25/23 | AMILLER | Remit Code | 2 | CLP CODES 1 | 01/27/23 835 COMM #85 | | 3,761.88 |
| 01/25/23 | AMILLER | ANDOC | 2 | ADJ NV DEPT OF CORRECTIONS | 01/27/23 835 COMM #85 | -34.10 | 3,727.78 |
| 01/25/23 | AMILLER | PNDOC | 2 | PMT NV DEPT OF CORRECTIONS | 01/27/23 835 COMM #85 | -306.90 | 3,420.88 |
| 01/25/23 | AMILLER | Remit Code | 2 | CAS 45-CO | 01/27/23 835 COMM #85 | | 3,420.88 |
| 01/25/23 | AMILLER | Remit Code | 2 | CLP CODES 1 | 01/27/23 835 COMM #85 | | 3,420.88 |
| 01/25/23 | AMILLER | ANDOC | 2 | ADJ NV DEPT OF CORRECTIONS | 01/27/23 835 COMM #85 | -342.09 | 3,078.79 |
| 01/25/23 | AMILLER | PNDOC | 2 | PMT NV DEPT OF CORRECTIONS | 01/27/23 835 COMM #85 | -3,078.79 | 0.00 |
| 01/27/23 | BKG DAEMON | Comment | 2 | End of Commercial Primary Stream. | 01/27/23 | | 0.00 |
| 01/27/23 | BKG DAEMON | Comment | 2 | Removed Account WB0000229450, Bill # 2 from Self Pay collection stream. | 01/27/23 | | 0.00 |
| 04/21/23 | AMILLER | Remit Code | 2 | CAS 45-CO | 04/25/23 835 COMM #33 | | 0.00 |
| 04/21/23 | AMILLER | Remit Code | 2 | CLP CODES 22 | 04/25/23 835 COMM #33 | | 0.00 |
| 04/21/23 | AMILLER | ANDOC | 2 | ADJ NV DEPT OF CORRECTIONS | 04/25/23 835 COMM #33 | 34.10 | 34.10 |
| 04/21/23 | AMILLER | PNDOC | 2 | PMT NV DEPT OF CORRECTIONS | 04/25/23 835 COMM #33 | 306.90 | 341.00 |
| 04/21/23 | AMILLER | Remit Code | 2 | CAS 45-CO | 04/25/23 835 COMM #33 | | 341.00 |
| 04/21/23 | AMILLER | Remit Code | 2 | CLP CODES 1 | 04/25/23 835 COMM #33 | | 341.00 |
| 04/21/23 | AMILLER | ANDOC | 2 | ADJ NV DEPT OF CORRECTIONS | 04/25/23 835 COMM #33 | -34.10 | 306.90 |
| 04/21/23 | AMILLER | PNDOC | 2 | PMT NV DEPT OF CORRECTIONS | 04/25/23 835 COMM #33 | -306.90 | 0.00 |
| 04/21/23 | AMILLER | Remit Code | 2 | CAS 45-CO | 04/25/23 835 COMM #33 | | 0.00 |

**WBRH Main Billing** | **Transaction List** | **Page:** 2
**Date:** 09/17/25 08:05
Chadburn,Kemra

Montelongo,Victor
35/M 11/26/1988

**Registered:** 10/28/22
**Discharged:** 10/29/22
**Pri Insurance:** NDOC

**Acct Num:** WB0000229450
**Med Rec Num:** M000009488
ER 0.00 Zero

| Date | User | Transaction | Bill/Txn | Description | Batch | Amount | Balance |
|---|---|---|---|---|---|---|---|
| 04/21/23 | AMILLER | Remit Code | 2 | CLP CODES 22 | 04/25/23 835 COMM #33 | | 0.00 |
| 04/21/23 | AMILLER | ANDOC | 2 | ADJ NV DEPT OF CORRECTIONS | 04/25/23 835 COMM #33 | 342.09 | 342.09 |
| 04/21/23 | AMILLER | PNDOC | 2 | PMT NV DEPT OF CORRECTIONS | 04/25/23 835 COMM #33 | 3,078.79 | 3,420.88 |
| 04/21/23 | AMILLER | Remit Code | 2 | CAS 45-CO | 04/25/23 835 COMM #33 | | 3,420.88 |
| 04/21/23 | AMILLER | Remit Code | 2 | CLP CODES 1 | 04/25/23 835 COMM #33 | | 3,420.88 |
| 04/21/23 | AMILLER | ANDOC | 2 | ADJ NV DEPT OF CORRECTIONS | 04/25/23 835 COMM #33 | -342.09 | 3,078.79 |
| 04/21/23 | AMILLER | PNDOC | 2 | PMT NV DEPT OF CORRECTIONS | 04/25/23 835 COMM #33 | -3,078.79 | 0.00 |
| 04/25/23 | BKG DAEMON | Comment | 2 | Primary Stream on auto hold. Credit balance. | 04/25/23 | | 0.00 |
| 04/26/23 | BKG DAEMON | Ins Bal Xfer | 2 | Edit Ins Balance | 04/26/23 SYSEDINSBAL #8 | 0.00 | 0.00 |
| 04/26/23 | BKG DAEMON | Comment | 2 | Primary Stream removed from credit balance hold. | 04/26/23 | | 0.00 |
| 04/26/23 | BKG DAEMON | Comment | 2 | Removed Account WB0000229450, Bill # 2 from Self Pay collection stream. | 04/26/23 | | 0.00 |

**William Bee Ririe Hospital**
**1500 Avenue H**
**Ely, NV 89301**

**Emergency Department Note**
**Signed**

Patient: Montelongo,Victor
DOB: 11/26/1988
Age/Sex: 33 / M
Loc: ED
Attending Dr:

MR#: M000009488
Acct:WB0000229450
ADM Date: 10/28/22
Date of Service

cc: ~

# HPI - Physical Assault

**General**
Chief complaint: Assault, Physical
Time Seen by Provider: 10/28/22 22:52
Source: reports patient and other (correctional officer)
Mode of arrival: other (correctional vehicle)
Limitations: reports physical limitation (hands and feet cuffed)
**History of Present Illness**
HPI narrative:
33-year-old male inmate brought in by correctional officers tonight for head injury. Inmate was behaving aggressively and assaulting correctional officers intern being physically constraint by other officers resulting in head injury and brief loss of consciousness for few minutes. On arrival to the emergency room patient is AO x3, physically restrained by cuffs, complaining of pain in his wrist and ankles but no head pain, nausea, vomiting, chest pain, shortness of breath
**Related Data**

**Home Medications**

| Medication | Instructions | Recorded | Confirmed |
|---|---|---|---|
| Fish Oil | 1,000 mg PO DAILY | 10/28/22 | 10/28/22 |
| atenolol | 25 mg PO DAILY HTN | 10/28/22 | 10/28/22 |

**Allergies**

| Allergy/AdvReac | Type | Severity | Reaction | Status | Date / Time |
|---|---|---|---|---|---|
| No Known Drug Allergies | Allergy | | | Verified | 10/28/22 23:19 |

# Review of Systems

| | |
|---|---|
| Status of ROS: | Reports: 10 or more systems reviewed and unremarkable except as noted in History and below |

# PFSH

**PFSH**
**Medical History** (Updated 10/28/22 @ 23:56 by Ha Vu)

Hypertension

**Social History**
**Smoking Status:** Smoker, status unknown

WBRH
Patient name: Montelongo,Victor
Account #: WB0000229450

# Exam

Narrative: Vital Signs:

**Last Vital Signs**

| | | |
|---|---|---|
| Temp | 98.3 F | 10/28/22 22:51 |
| Pulse | 77 | 10/28/22 22:51 |
| Resp | 18 | 10/28/22 22:51 |
| BP | 132/83 H | 10/28/22 22:51 |
| Pulse Ox | 96 | 10/28/22 22:51 |
| O2 Del Method | | 10/28/22 22:51 |

| | |
|---|---|
| Constitutional: | oriented x3 Exam limitations: physical limitations General appearance: cooperative, disheveled and odor of alcohol detected Orientation/consciousness: Yes other (Drowsy) |
| HENMT: | external ears normal, EAC's normal, external nose normal and moist oral mucous membranes Head and scalp: hematoma left orbital Head hematoma size: 0.79 in; no Battle's sign, no contusion, no cranial bruits, no laceration, no occipital foramen tenderness, no palpable skull fracture and no scalp lesion Nose: external nose normal External ear: external ears normal External auditory canal: EAC's normal Mouth: oral and palatal mucosa normal and moist oral mucous membranes |
| Eye: | PERRL and EOMs intact bilaterally General eye: normal light reflex Pupil: PERRL Direct Ophthalmoscopy: normal light reflex |
| Neck & C-Spine: | full ROM General: normal visual inspection and trachea midline |
| Chest: | inspection of chest normal |
| Respiratory: | normal respiratory effort and clear to auscultation bilaterally Effort & inspection: able to speak in complete sentences Auscultation: clear to auscultation bilaterally |
| Cardio: | regular rate, regular rhythm, S1 normal heart sound and S2 normal heart sound Rate: regular rate Rhythm: regular rhythm Heart sounds: S1 normal and S2 normal |
| GI: | Normal to inspection, nondistended, normoactive bowel sounds present, soft to palpation and non-tender Palpation: soft |
| Extremity: | General: normal exam except as noted |
| Neuro: | oriented x3 |
| Psych: | Activity/motor behavior: psychomotor slowing Speech: slow Mood and affect: irritable |
| Skin: | Trauma: abrasion |

# MDM - Physical Assault

**MDM Narrative**

Medical decision making narrative:
Presumptive diagnosis: Left inferior orbital wall fracture with normal extraocular months and no enophthalmos.
No indication for emergent surgery at this point.

WBRH
Patient name: Montelongo,Victor
Account #: WB0000229450

Patient symptoms and vital signs stable, tolerating room air and oral diet, self ambulating. Symptomatically patient is stable enough to be discharged back to the prison with instructions to use ice and ibuprofen for swelling, Tylenol for pain control

**Differential Diagnosis**
Differential diagnosis: Likely injury due to physical assault

**Medical Records**
Attestation: I reviewed the patient's medical records.

**Lab Data**
Attestation: I reviewed the patient's lab results and interpreted the data.
Labs:

**Lab Results**

| | 10/28/22 23:07 | Range/Units |
|---|---|---|
| Urine Opiates Screen | Negative | (NEGATIVE) |
| Ur Buprenorphine Scrn | Negative | (NEGATIVE) |
| Ur Oxycodone Screen | Negative | (NEGATIVE) |
| Urine Methadone Screen | Negative | (NEGATIVE) |
| Ur Propoxyphene Screen | Negative | (NEGATIVE) |
| Ur Barbiturates Screen | Negative | (NEGATIVE) |
| U Tricyclic Antidepress | Negative | (NEGATIVE) |
| Ur Phencyclidine Scrn | Negative | (NEGATIVE) |
| Ur Amphetamines Screen | Negative | (NEGATIVE) |
| U Methamphetamines Scrn | Negative | (NEGATIVE) |
| U Benzodiazepines Scrn | Negative | (NEGATIVE) |
| Urine Cocaine Screen | Negative | (NEGATIVE) |
| U Marijuana (THC) Screen | Negative | (NEGATIVE) |

**Imaging Data**
Radiologist impression(s):
CT head stat: No intracranial hemorrhage or hydrocephalus or mass-effect or herniation. Left inferior orbital wall fracture. Left maxillary sinus wall fracture. No retrobulbar hemorrhage

## Discharge Plan

**Discharge**
Clinical Impression:
Injury due to physical assault, Orbital wall fracture, Superficial bruising

Patient Disposition: Xfer Court/Law Enforcement

Condition: Fair

Chief Complaint: Assault, Physical

Additional Instructions:
For left eye swelling, use ice, ibuprofen for the swelling. Tylenol for pain

Prescriptions:
**No Action**

**atenolol**
25 mg PO DAILY
**Fish Oil**
1,000 mg PO DAILY

Referrals:
none,none [Other] - As Needed

Stand Alone Forms: Patient Portal Instructions

Dictated By: Dr Ha Vu M.D.
Signed By: <Electronically signed by Dr Ha Vu M.D.> 10/29/22 0013

DD/DT: 10/28/22 2252

Summary Discharge Report for LIS ELR

**RUN DATE**: 10/30/22
**RUN TIME**: 0001

**BATCH #** 23791

**USER**:
Rosanne Jordan

Run Date: 10/30/22
Run Date: 0001

William Bee Ririe Hospital
1500 Ave H. Ely, NV 89301-2615



Summary Discharge Report for LIS ELR

Name: Montelongo, Victor — Acct: WB0000229450 — Loc: ED
Age/Sex: 33/M — DOB: 11/26/1988 — MRN: M000009488 — Status: DEP ER
Reg Dr: Dr Ha Vu M.D.

| Date / Time | 10/28/22 2337 | 10/28/22 2307 | | Reference | Units |
|---|---|---|---|---|---|
| Ur Opiate Scrn | | NEGATIVE | | NEGATIVE | |
| Ur Barb Scrn | | NEGATIVE | | NEGATIVE | |
| Ur TCA Scrn | | NEGATIVE | | NEGATIVE | |
| Ur PCP Scrn | | NEGATIVE | | NEGATIVE | |
| Ur Amph Scrn | | NEGATIVE | | NEGATIVE | |
| Ur Meth Scrn | | NEGATIVE | | NEGATIVE | |
| Ur Benz Scrn | | NEGATIVE | | NEGATIVE | |
| Ur Bup Scrn | | NEGATIVE | | NEGATIVE | |
| Ur Methad Scrn | | NEGATIVE | | NEGATIVE | |
| Ur Oxy Scrn | | NEGATIVE | | NEGATIVE | |
| Ur Prop Scrn | | NEGATIVE | | NEGATIVE | |
| Ur Coc Scrn | | NEGATIVE | | NEGATIVE | |
| Ur THC Scrn | | (A) | | NEGATIVE | |

(A) NEGATIVE
See also (B)

(B) Interpret results utilizing appropriate cut-off values, clinical history, and knowledge of interfering substances (See "Drug Reactivity Table" in the ER. These are unconfirmed results and can only be used for medical (treatment) purposes. For confirmation, please submit a request along with another urine specimen if needed.

Cut-off calues are listed below:
THC____________50 ng/mL
PCP____________25 ng/mL
COCAINE________150 ng/mL
METHAMPHETINES__500 ng/mL
OPIATES________100 ng/mL
AMPHETAMINES____500 ng/mL
BENZO__________150 ng/mL
TCA____________300 ng/mL
MTD____________200 ng/mL
BARBITURATES____200 ng/mL
OXYCODONE_______100 ng/mL
PPX____________300 ng/mL
BUP____________10 ng/mL

| | | | | | |
|---|---|---|---|---|---|
| Bld Alcohol | 178(C) *H | | | 0-50 | mg/dL |

(C) CALLED RESULTS TO DR. VU
ON 10/29/22 AT 0011 BY Rosanne Jordan.
READ BACK (Y/N):Y

Verified Date/Time

| Specimen | Test/Procedure | Collected | Verified | Hours |
|---|---|---|---|---|
| 1028:T00001S | Ur Opiate Scrn | 10/28/22 2307 | 10/28/22 2326 | 0.3 |
| 1028:T00001S | Ur Barb Scrn | 10/28/22 2307 | 10/28/22 2326 | 0.3 |
| 1028:T00001S | Ur TCA Scrn | 10/28/22 2307 | 10/28/22 2326 | 0.3 |
| 1028:T00001S | Ur PCP Scrn | 10/28/22 2307 | 10/28/22 2326 | 0.3 |
| 1028:T00001S | Ur Amph Scrn | 10/28/22 2307 | 10/28/22 2326 | 0.3 |
| 1028:T00001S | Ur Meth Scrn | 10/28/22 2307 | 10/28/22 2326 | 0.3 |
| 1028:T00001S | Ur Benz Scrn | 10/28/22 2307 | 10/28/22 2326 | 0.3 |
| 1028:T00001S | Ur Bup Scrn | 10/28/22 2307 | 10/28/22 2326 | 0.3 |
| 1028:T00001S | Ur Methad Scrn | 10/28/22 2307 | 10/28/22 2326 | 0.3 |
| 1028:T00001S | Ur Oxy Scrn | 10/28/22 2307 | 10/28/22 2326 | 0.3 |
| 1028:T00001S | Ur Prop Scrn | 10/28/22 2307 | 10/28/22 2326 | 0.3 |
| 1028:T00001S | Ur Coc Scrn | 10/28/22 2307 | 10/28/22 2326 | 0.3 |
| 1028:T00001S | Ur THC Scrn | 10/28/22 2307 | 10/28/22 2326 | 0.3 |
| 1028:T00002S | Bld Alcohol | 10/28/22 2337 | 10/29/22 0012 | 0.5 |

**William Bee Ririe Hospital**
**1500 Avenue H**
**Ely, NV 89301**

**CT Scan Report**
**Signed**

Patient: Montelongo,Victor
DOB: 11/26/1988
Age/Sex: 33 / M
Loc: ED
Attending Dr:

MR#: M000009488
Acct:WB0000229450
ADM Date: 10/28/22

Ordering Physician: Dr Ha Vu M.D.
Date of Service: 10/28/22
Procedure(s): CT Head/Brain WO Con 70450
Accession Number(s): A0000009405

cc: Dr Ha Vu M.D.; Goldberg,Eric ; none,none~

William Bee Ririe Hospital
1500 Avenue H
Ely, NV 89301
(775) 289-3001Radiology Report

THIS INTERPRETATION IS BASED ON THE RADIOLOGICAL EXAMINATION AND CORRELATION WITH CLINICAL EXAMINATION IS MANDATORY

Patient: Montelongo Victor(M)
Reason for Visit: left facial pain
Study Ref: A0000009405
Date of Birth: Nov-26-1988
Patient Number: M000009488

Referring MD phone:
Modality Type: CT
Institution: WILLIAM BEE RIRIE
Exam Date: Oct-28-2022 11:10pm
Exam Type: HEADWO

Technique
CT scan of head without contrast. Coronal and sagittal reconstructed images obtained.

History
Pain, injury to the head.

Findings
Images demonstrate there is no acute intra-axial or extra-axial hemorrhage. There is no shift of midline structures. Bony calvarium is intact. There are acute fractures in the anterior and posterior walls of the left maxillary sinus. There is an acute left orbital floor fracture. There is left periorbital soft tissue swelling. There is an acute comminuted fracture of the left zygomatic arch. There is fluid in the left maxillary sinus, likely blood

Impression
No acute intracranial hemorrhage. There are acute fractures of the left

WBRH
Patient name: Montelongo,Victor
Account #: WB0000229450

orbital floor, anterior and posterior walls of the left maxillary sinus and left zygomatic arch.
DIGITAL SIGNATURE

Signer name: Eric Goldberg, MD
Organization: William Bee Ririe Hospital
Signed: 2022/10/29.07 04:15

Transcriptionist:
Dictated By: Goldberg,Eric
Signed By: 10/29/22 0704

DD/DT: 10/28/22 2310
TD/TT: 10/28/22 2310



3A